IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:11-CR-132 |
| | ) | |
| WILLIE ANTHONY SAXBY, JR. | ) | |
| | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Willie Anthony Saxby, Jr.'s Motion for Severance (Doc. #17). For the reasons stated below, Mr. Saxby's Motion is DENIED.

I.

Mr. Saxby was indicted on April 26, 2011 for violations of 18 U.S.C. § 472 (passing and possessing counterfeit currency). Specifically, Count I charged Mr. Saxby with passing counterfeit currency to a pizza delivery driver, while Count II charged Mr. Saxby with possession of additional counterfeit currency. Mr. Saxby pled guilty to Count I on July 6, 2011; as part of the plea agreement, the Government agreed to dismiss Count II at the conclusion of sentencing. On November 29, 2011, Mr. Saxby appeared in this Court for sentencing. After hearing extensive evidence relating to relevant conduct, this Court found that a two-point enhancement for possession of a device used for counterfeiting was warranted, and that a four-point enhancement based on the value of the currency attributable to Mr. Saxby would also apply to the sentence. The conclusion of Mr. Saxby's sentencing has been continued to a later date. In the meantime, Mr.

Saxby has filed a motion for severance, pursuant to Fed. R. Crim. P. 14(a).

II.

In his motion, Mr. Saxby argues that he has been prejudiced by the Government's joinder of Count I (passing counterfeit currency) and Count II (posessing counterfeit currency). The Government opposes Mr. Saxby's motion as untimely.

Pursuant to Fed. R. Crim. P. 8, the government may join offenses which are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Here, Mr. Saxby's offenses occurred on consecutive days and involved money bearing the same serial numbers from the same counterfeiting operation. In addition, the money found to have been possessed by Mr. Saxby was discovered across the street from the house at which he passed the counterfeit notes to the pizza delivery driver. It is without question, therefore, that joinder was proper. Even where joinder is proper, however, a defendant may move for severance – i.e., separate trials – of offenses if the joinder "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). Under Rule 14, "[t]he party seeking severance bears the burden of demonstrating a strong showing of prejudice." United States v. Branch, 537 F.3d 328, 341 (4th Cir. 2008) (internal quotations omitted). As such, severance is rare where the offenses are properly joined. United States v. Cardwell, 433 F.3d 378, 387 (4th Cir. 2005).

Such a motion at this juncture – following a guilty plea and prior to sentencing – is both untimely and moot. The purpose of severance is to avoid prejudicing a defendant *at trial* – indeed, the text of the rule allows the court to order separate trials for just that purpose. See Reavis, 48 F.3d at 767 (severance should be granted only where there is a "serious risk that a joint trial would … prevent the jury from making a reliable judgment"). Because Mr. Saxby has already pled guilty to Count I, and Count II will be dismissed following sentencing, the policy that Rule 14 serves is inapplicable in this case, and Mr. Saxby's motion to sever the two counts will be denied.

III.

Although Mr. Saxby's motion is styled as a motion for severance, it appears that the root of Mr. Saxby's motion is his objection to sentencing enhancements based on the Court's factual findings regarding conduct pertaining to Count II - i.e., conduct for which he did not plead guilty. The law is clear, however, that the Court may consider evidence at sentencing that relates to uncharged or even acquitted conduct, so long as the Government provides proof of such conduct by a preponderance of the evidence. United States v. Grubbs, 585 F.3d 793, 798-99 (4th Cir. 2009). As such, Mr. Saxby's due process rights are not violated by imposition of a sentencing enhancement based on factual findings relating to Count

II, even if he did not plead guilty to Count II.[1]  See United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994) (holding that a "defendant need not be convicted of the charges constituting relevant conduct for him still to be held accountable for them" when a sentencing court determines the defendant's sentence, as long as the government "establish[es] the existence of these other incidents by a preponderance of the evidence").

As this Court found at the earlier sentencing hearing, the Government met its burden of proof in this case with respect to the dollar amounts of the counterfeit currency possessed by Mr. Saxby, and the counterfeiting materials possessed by Mr. Saxby.  Accordingly, to the extent Mr. Saxby seeks to wind the clock back on the Court's consideration of facts pertaining to his sentencing enhancements, such an argument has no legal merit.

Accordingly, for the reasons stated above, Mr. Saxby's Motion for Severance (Doc. # 17) is DENIED.

This the 12th day of April, 2012.

                                                              /s/   N. Carlton Tilley, Jr.
                                                          Senior United States District Judge

---

[1] In the plea agreement, Mr. Saxby acknowledged that the Government could bring any facts "relevant" for sentencing to the Court's attention (Doc. # 12, ¶ 6), that the maximum term of imprisonment for his offense is 20 years (¶ 2a), and that the Court would consider Sentencing Guidelines calculations, including "relevant factors set forth in the Guidelines." (¶ 2d).